IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL SHERIDAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-412-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JEFF CONWAY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are the following motions:

Petitioner's Motion for Discovery (Docket No. 7), Petitioner's Request for Admissions

(Docket No. 8), Petitioner's Motion for Leave to File Affidavit (Docket No. 9),

Respondent's Motion for Partial Summary Dismissal (Docket No. 13), Petitioner's

Motion for Summary Judgment (Docket No. 19), and Petitioner's Motion for Leave to

File Supplemental Briefing (Docket No. 20).

## BACKGROUND

On July 19, 1997, Petitioner shot and killed Chris Niendorf in Drummond, Idaho.

Petitioner was first tried on murder, manslaughter, and aggravated assault charges in the

Idaho State District Court in Fremont County.  On January 30, 1999, a jury returned a

verdict of guilty on the voluntary manslaughter and aggravated assault charges.  Later,

Judge Brent J. Moss granted Petitioner's motion for a new trial based upon juror's reports

that the bailiff had made improper comments about the case to them during deliberations.

MEMORANDUM ORDER  1

Petitioner's motion to prevent retrial on the murder charges on double jeopardy grounds was granted.

Petitioner's new trial was held in Bonneville County rather than Fremont County. Petitioner was convicted by jury of voluntary manslaughter with the use of a firearm on March 27, 2000. He was acquitted of the aggravated assault charge. He received a sentence of 15 years fixed, with 10 years indeterminate. His direct appeal concluded on November 22, 2002, when the Idaho Supreme Court denied his petition for review.

Petitioner filed a federal habeas corpus action in 2003, which was voluntarily dismissed for failure to exhaust state court remedies. *See Sheridan v. Conway*, CV-03–0030-S-EJL. He subsequently filed a post-conviction action and a state petition for writ of habeas corpus. Those actions are now completed.

Petitioner brings three claims with various subparts in his current Habeas Corpus Petition:

(1)  double jeopardy – jury tampering;

(2)  ineffective assistance of trial counsel –
    (a)  failing to prevent petitioner from being twice put in jeopardy,
    (b)  having a conflict of interest because Petitioner filed a civil suit against trial counsel two months before the second trial,
    (c)  failing to raise a *Brady* issue regarding crime scene notes and video;

(3)  ineffective assistance of appellate counsel for not raising the following issues on direct appeal –
    (a)   double jeopardy,
    (b)  being held without bail pending retrial,
    (c)  *Brady* issue regarding crime scene notes and video,
    (d)  portraying Petitioner as a persistent violator with prior felonies,
    (e)  a mistrial should have been declared based upon bailiff conduct,

MEMORANDUM ORDER  2

(f)    failing to raise issue that Petitioner requested intervention from Administrative Judge James Herndon due to trial counsel stating the bailiff's conduct was not criminal (conflict of trial counsel issue),

(g)    bad faith destruction of evidence regarding the crime scene notes and video,

(h)    ineffective assistance of trial counsel for using misrepresentation to convince Petitioner to sign the acknowledgment of rights,

(I)    ineffective assistance of trial counsel for not advising Petitioner to plead former jeopardy,

(j)    ineffective assistance of trial counsel for failure to obtain a mistrial based upon juror misconduct in the second trial.

Currently, Respondent contends in his Motion for Partial Summary Dismissal that Claims 3(b), (f), (h), and (j) are procedurally defaulted. Petitioner has filed a Motion for Summary Judgment asserting that he is entitled to relief on all of his claims. The Court now considers each Motion, as well as other currently pending requests.

## RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL

### A.    Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281

MEMORANDUM ORDER  3

(9th Cir. 1986).[1]  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A prerequisite to filing a federal habeas corpus action is exhaustion of state court remedies.  28 U.S.C. § 2254(b).  To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

MEMORANDUM ORDER  4

prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual

MEMORANDUM ORDER  5

innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

Here, Respondent contends that Petitioner's Claims 3(b), (f), (h), and (j) – all ineffective assistance of appellate counsel claims – are procedurally defaulted. The Court reviews each of these claims separately.

1.      Claim 3(b)

Petitioner's Claim 3(b) is that appellate counsel was ineffective for failing to raise on direct appeal the issue that Petitioner was held without bail pending retrial. *See Petition*, at pp. 27-28 (Docket No. 1). It does not appear that Petitioner raised this issue in his post-conviction application, amendment, or supplement. He did mention it in his brief before the Idaho Court of Appeals, *State's Exhibit D-1*, at p. 22 & 26, and in his petition for review before the Idaho Supreme Court, *State's Exhibit D-6*, at p. 6 & 10. There is no indication in the record that the Idaho Court of Appeals considered the issue. Because it is clear in Idaho that the appellate courts will not address issued raised for the first time on appeal,[2] the Court determines that the bail claim is procedurally defaulted. The Court does not consider whether cause exists to excuse the default of this claim because, as discussed below, it rejects the claim on the merits.

2.      Claim 3(f)

_____

[2]The Idaho Supreme Court has stated that "[t]he longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal." *Sanchez v. Arave*, 815 P.2d 1061, 1062 (1991).

MEMORANDUM ORDER  6

Petitioner's Claim 3(f) is that appellate counsel was ineffective for failing to raise on direct appeal the issue that trial counsel had a conflict of interest as evidenced by his comment to Petitioner that the bailiff's conduct was not criminal.  *See Petition*, at pp. 29-30.

The factual basis for this claim is as follows.  Petitioner's trial counsel filed a motion for a new trial based on jury tampering by the bailiff.  The motion was successful, and Petitioner's conviction was vacated and a new trial ordered.  Petitioner separately challenges his trial counsel's statement to Petitioner that "the bailiff did nothing criminal."  Petitioner asserts that this statement shows that his attorney was trying to protect the bailiff, thus demonstrating that his attorney had a conflict of interest in Petitioner's case.  Petitioner asked Administrative Judge James Herndon to intervene and investigate whether the bailiff's conduct had been criminal.  A special prosecutor was appointed to investigate the bailiff's conduct, but no action was ever taken against the bailiff.  *See State's Exhibit D-1* (Appellant's Brief), at p. 4.

Petitioner included this issue in his *amended* petition for post-conviction relief. *State's Exhibit C-1*, at p. 112.  However, he had failed to ask for leave to amend.  The State moved for dismissal of Petitioner's amended and supplemental petitions for his failure to ask for leave of court under Rule 15.  The district court decided:

> Since Sheridan's amended and supplemental petitions essentially contain more facts and arguments to support the claims alleged in his initial petition, rather than raising new independent claims, and since the State has shown no prejudice in responding [to] Sheridan's amended and supplemental petition, this Court must deny the State's motion under Rule

MEMORANDUM ORDER  7

15.  Considering all of the allegations in Sheridan's initial, amended, and supplemental petitions and the State's motion for summary dismissal, and considering the entire record in Fremont County case number CR-97-300 and Bonneville County case number CR-99-3824, of which judicial notice is taken, this Court renders the following Decision.

*State's Exhibit C-1*, at p. 212.

On this issue, the Idaho Court of Appeals noted:

Sheridan contends, . . . for the first time on appeal, that he had a conflict with his trial counsel.  He made no such allegation in his initial petition.  Because Sheridan did not ask the district court to consider a claim regarding a conflict of interest with trial counsel, this issue will not be entertained for the first time on appeal.

*State's Exhibit D-4* (Court of Appeals opinion), at p. 7.  In other words, the Idaho Court of Appeals determined that it would not consider Petitioner's additional issues not raised in the original post-conviction petition, because the trial court considered them only as factual support for his original claims and not independent claims in themselves.  See  *Id*. at p. 6-7 (citing *State v. Lavy*, 828 P.2d 871, 873 (Idaho 1992)).

On appeal, Petitioner included this issue in his "Statement of the Case" section of his appellate brief.  *State's Exhibit D-1*, at p. 4. It was not included in his "Issues Presented on Appeal."  *Id.* at p.5.   It was included in his argument section entitled "Conflict-Free Representation."  *See id.* at p. 19.

It is unclear whether the Idaho Court of Appeals treated Petitioner's claims presented in the amended and supplemental petitions as factual grounds for the original claims, or whether it declined to consider them at all.  Ineffective assistance of appellate counsel was clearly one of the claims asserted in the original petition that the Court

MEMORANDUM ORDER  8

recognized. *See State's Exhibit C-1*, at p. 217 ("The state trial court construed Sheridan's initial, amended, and supplemental petitions as alleging eleven claims. . . [including] [t]hat his appellate counsel was ineffective"). The trial court addressed the overall ineffective assistance of appellate counsel claim in its written decision, but did not expressly address Petitioner's specific argument that appellate counsel failed to raise the issue of conflict of interest of trial counsel.

Based upon all of the foregoing, the Court concludes that the state district court rejected this factual basis by rejecting his overall ineffective assistance of appellate counsel claim, and that the Idaho Court of Appeals likewise rejected it in such as fashion, and not as a separate claim. Petitioner included this claim in his brief in support of his petition for review. *See State's Exhibit D-6*, at p. 7. Therefore, for purposes of exhaustion, Petitioner's conflict of interest claim is exhausted to the extent that it is considered a part of Petitioner's ineffective assistance of appellate counsel claim. However, this claim is rejected on the merits as discussed below.

    3.    <u>Claim 3(h)</u>

Petitioner's Claim 3(h) is that appellate counsel was ineffective for failing to raise on direct appeal the issue that trial counsel had been ineffective by making misrepresentations to Sheridan to convince him to sign an acknowledgment of rights regarding his request for a new trial. *See Petition*, at pp. 30-32. This issue was not raised in Petitioner's post-conviction petition or in his appellate brief before the Idaho Court of Appeals. *See Exhibit D-1*. It is not enough that counsel mentioned the issue in his brief

MEMORANDUM ORDER  9

in support of his petition for review.[3]  *See Exhibit D-6*, at p. 9.  Because this issue was not properly raised before the Idaho Supreme Court, it is procedurally defaulted.  Petitioner has shown neither cause nor prejudice as a result of this alleged error.  As a result, the claim is subject to dismissal with prejudice.  Alternatively, as discussed below, the Court concludes that the claim is meritless.

    4.    <u>Claim 3(j)</u>

Petitioner's Claim 3(j) is that appellate counsel was ineffective for not raising on direct appeal the issue that trial counsel had been ineffective for failing to obtain a mistrial based upon juror misconduct in the second trial.  *See Petition*, at pp. 32-33.  The state district court rejected this claim in its decision.  *State's Exhibit C-1* at p. 230.  In his appellate brief, Petitioner again argued that his appellate attorney failed to effectively address the issue of juror misconduct on direct appeal.  *State's Exhibit D-1*, at 23.

In the introductory section in his brief in support of his petition for review, Petitioner alleged that "[[t]he Court of Appeals was clearly wrong to hold there was no ineffective assistance of trial or appellate counsel," and he cited to *Strickland*.  *State's Exhibit D-6*, at p. 5.  In the "issues" section of the Petition, Petitioner raises as Claim No. 6 that "Judge St. Clair was clearly wrong for dismissing petition for postconviction relief without holding an evidentiary hearing on jury tampering; double jeopardy; excessive bail; conflict of interest - ineffective assistance of counsel (trial and appellate)."  *Id*. at p.

---

[3]*See Wood v. Wood*, 855 P.2d 473 (Idaho Ct. App. 1993); *Centers v. Yehezkely*, 706 P.2d 105 (Idaho Ct. App. 1985).

7**.**  Given that Petitioner was pro se throughout his entire state post-conviction

proceeding, the Court liberally construes[4] the foregoing portions of his brief to conclude

that Petitioner has sufficiently exhausted this claim.

**PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

**A.      Introduction and Summary of Decision**

Petitioner has filed a Motion for Summary Judgment, seeking a favorable ruling on

the claims in his Petition.  The Federal Rules of Civil Procedure apply to habeas corpus

actions except where application of the rules would be inconsistent with established

habeas practice and procedure.  *See* Rule 11 of the Rules Governing Section 2254 Cases;

*Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).  Under the Federal Rules of Civil

Procedure, summary judgment is appropriate when there is no genuine issue as to any

material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R.

Civ. P. 56(c). The summary judgment standards must be applied in light of the

substantive law governing habeas proceedings.

As more fully explained below, the Court concludes that Petitioner's Motion

should be denied in part, and conditionally denied in part subject to further briefing.  The

following claims are subject to denial on the merits and shall be dismissed with prejudice:

Claims 1, 2(a), 2(b), 3(a), 3(b), 3(d), 3(e), 3(f), 3(h), and 3(I).  Because Petitioner was not

---

[4]  *See Haines v. Kerner*, 404 U.S. 519 (1972) (allegations of the pro se complaint . . [are held] to less stringent standards than formal pleadings drafted by lawyers); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000) (courts must construe pro se pleadings liberally).

MEMORANDUM ORDER  11

afforded an evidentiary hearing in the state court post-conviction action, the Court will allow Petitioner an opportunity to request the items supporting his *Brady* claim and to submit further briefing on his remaining claims in the context of Respondent's motion for summary judgment.  Thereafter, the Court will consider the merits of the remaining claims.

**B.    Habeas Corpus Standard of Law**

The Petition in this case is subject to the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA), which was enacted in 1996.  The AEDPA established a deferential standard of review that a federal habeas court must apply to a state court's resolution of constitutional claims.  Under the AEDPA, a federal court may grant habeas relief only if the state court's adjudication on the merits:

1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" federal law when the state court applied a rule of law different from the governing law set forth in United States Supreme Court precedent, or when it confronted a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrived at a different result.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

MEMORANDUM ORDER  12

A state court's decision is an "unreasonable application" of federal law when the court was unreasonable in applying the governing legal principle to the facts of the case. *Id*. at 413.  A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision was incorrect; instead, the decision must be "objectively unreasonable."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit law may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent.  *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

## C.    Double Jeopardy Claim

Petitioner raised a Double Jeopardy issue before the Idaho Supreme Court in an habeas corpus petition pursuant to that court's original jurisdiction powers.  *See State's Exhibits E-1 to E-3* (Docket No. 18).  The Idaho Supreme Court denied that petition without written opinion, "after due consideration."  The Court assumes, without deciding, that this claim is exhausted.

Petitioner's arguments can be divided into two distinct double jeopardy claims: (1) that his retrial on voluntary manslaughter grounds was barred by the Double Jeopardy Clause where the first jury trial resulted in acquittal on first degree murder charges and a guilty verdict on voluntary manslaughter charges; and (2) that the court's failure to grant his motion for a mistrial, filed after the trial had ended and the guilty verdict had been rendered, constitutes double jeopardy.  The court will address each argument in turn.  A

MEMORANDUM ORDER  13

slightly different argument, that counsel should have sought a mistrial during, rather than

after, trial is an ineffective assistance of counsel claim that will be addressed below.

    1.    <u>Double Jeopardy after Conviction of Lesser Included Offense</u>

The Supreme Court has recently reiterated that "our cases establish that jeopardy

may terminate on some counts even as it continues on others." *Smith v. Massachusetts*,

543 U.S. 462 (2005) (citing *Price v. Georgia*, 398 U.S. 323, 329 (1970)).  It is upon these

earlier cases existing prior to the Idaho Supreme Court's decision of November 24, 2004,

that this Court relies upon to determine whether § 2254 warrants federal habeas corpus

relief.

In *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984), the Court

explained:

> The Double Jeopardy Clause is not an absolute bar to successive
> trials. The general rule is that the Clause does not bar reprosecution of a
> defendant whose conviction is overturned on appeal. *United States v. Ball*,
> *supra*.[5]  The justification for this rule was explained in *United States v.*
> *Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964), as
> follows:
> > "While different theories have been advanced to support the
> > permissibility of retrial, of greater importance than the conceptual
> > abstractions employed to explain the *Ball* principle are the implications of
> > that principle for the sound administration of justice.  Corresponding to the
> > right of an accused to be given a fair trial is the societal interest in
> > punishing one whose guilt is clear after he has obtained such a trial.  It
> > would be a high price indeed for society to pay were every accused granted

---

[5] In *United States v. Ball*, 163 U.S. 662, 671(1896), the Court held that a verdict of
acquittal may "not be reviewed, on error or otherwise, without putting [a defendant] twice in
jeopardy."

MEMORANDUM ORDER  14

immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."

In *Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970), we recognized that implicit in the *Ball* rule permitting retrial after reversal of a conviction is the concept of "continuing jeopardy." *See also Breed v. Jones*, 421 U.S. 519, 534, 95 S.Ct. 1779, 1788, 44 L.Ed.2d 346 (1975). That principle "has application where criminal proceedings against an accused have not run their full course." 398 U.S., at 326, 90 S.Ct., at 1759. Interests supporting the continuing jeopardy principle involve fairness to society, lack of finality, and limited waiver. *Id.*, at 329, n. 4, 90 S.Ct., at 1761, n. 4. Acquittals, unlike convictions, terminate the initial jeopardy. This is so whether they are "express or implied by a conviction on a lesser included offense." *Id.*, at 329, 90 S.Ct., at 1761.

*Id.* at 308.

Here, because the Idaho Supreme Court did not issue a written opinion on Petitioner's habeas corpus petition, the Court considers whether denial of the petition is contrary to clearly established Federal law, as determined by the United States Supreme Court. Based upon the facts in the state court record, the Court concludes that Petitioner's retrial did not constitute a double jeopardy violation.

As the *Lydon* Court explained, the initial jeopardy is terminated by an acquittal, but it is not terminated by a conviction. Therefore, it was proper under the Fifth Amendment for the state trial court to re-try Petitioner on the voluntary manslaughter charge, upon which he was previously convicted, and to bar re-trial of him on first and second degree murder charges, upon which he was previously acquitted by the jury's guilty verdict on a lesser included offense. This outcome is fair to both Petitioner and society, as explained in the quotation above from *Lydon*.

MEMORANDUM ORDER  15

The outcome is also in harmony with United States Supreme Court precedent addressing similar issues.  This Court agrees with the state district court that it does not matter whether a case is set for retrial because the state district court granted a new trial or because the conviction was reversed on appeal.  The same rules of double jeopardy apply, and do not warrant relief under § 2254 in Petitioner's case.  Therefore, Petitioner's Motion for Summary Judgment on this point is denied, and this claim is subject to denial and dismissal with prejudice.

        2.     <u>Double Jeopardy – Mistrial</u>

Petitioner also asserts that he was placed in double jeopardy because the bailiff, an officer of the court, caused the new trial, and because the trial court should have declared a mistrial.  Petitioner derives these arguments from his misconception about mistrials.

A mistrial is a "trial declared void prior to the return of a verdict. . . . It does not result in a judgment for any party, but merely indicates a failure of trial." *Barron's Law Dictionary* 305 (3d ed. 1991).  Mistrial does not apply to Petitioner's case because the jury returned a verdict, and the bailiff misconduct that occurred during jury deliberations was not reported or discovered until after the verdict was returned.  *See* Id. Crim. R. 29.1 ("At any time *during* a trial, the court may declare a mistrial. . . .) (emphasis added).

Plaintiff attempts to take advantage of the doctrine of *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), which addresses double jeopardy when the trial court has declared a mistrial over a defendant's objection.  Not only was there no mistrial declared prior to the rendering of a jury verdict, there was no defendant's objection to a

MEMORANDUM ORDER  16

mistrial, which is an essential component of a *Perez* double jeopardy claim.  Rather, Petitioner/Defendant *sought* a mistrial or new trial *after* the jury verdict.

Because there is no United States Supreme Court precedent supporting Plaintiff's position that a mistrial should have been declared even though the misconduct was not discovered until after the verdict was returned, federal habeas corpus relief under § 2254 cannot be granted.  Similarly, that the state court failed to rule upon or failed to hold a hearing on the motion for mistrial filed after the jury trial was concluded is not contrary to any United States Supreme Court precedent, because there is no evidence in the record that the bailiff misconduct during jury deliberations was reported, discovered, or known until *after* the verdict was returned.  As a result, Petitioner's claim is subject to denial and dismissal with prejudice.

**D.     Ineffective Assistance of Counsel - Trial**

      1.     <u>Standard of Law</u>

*Strickland v. Washington* is clearly established case law which governs ineffective assistance of counsel claims.  466 U.S. 668 (1984).  In a federal habeas action, a claim for ineffective assistance of counsel presents a mixed question of law and fact.  *See id.* at 698.  The state court findings of fact are presumed correct, unless the habeas applicant rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(c)(1).  Absent such a rebuttal, the federal court must determine whether the state court decision was either contrary to, or an unreasonable application of, *Strickland* based upon the facts found by the state court.

MEMORANDUM ORDER  17

In *Strickland*, the Court made it clear that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.  The *Strickland* test for ineffective assistance of counsel requires two showings:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced his defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result.

*Id.*

 In order for an attorney's performance to be deemed deficient under *Strickland*, it must fall below an objective standard of reasonableness.  *Id*. at 687-88.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id.*  at 688.  The Supreme Court declined to define an exhaustive list of specific obligations of counsel, cautioning that "the performance inquiry must be whether counsel's assistance was reasonable under all the circumstances."  *Id*.  Prejudice requires a showing of a reasonable probability of a different result, not merely a "conceivable effect."  *Id*. at 693.

A petitioner must establish both incompetence and prejudice to prove an ineffective assistance of counsel case.  *Id*. at 697.  On habeas review, the court may

MEMORANDUM ORDER  18

consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial.  *Id.*

  2.  <u>Claim 2(a) - Failing to Prevent Petitioner from Being Twice Put in Jeopardy</u>

  As noted above, Petitioner did not have a double jeopardy claim due to (1) the timing of the discovery of the bailiff's misconduct with the jury, (2) his counsel's actions in filing a motion for a new trial, (3) the judge's granting of the motion for a new trial, and (4) the judge's upholding the double jeopardy bar regarding first and second degree murder charges in the second trial.  Therefore, there is neither deficient performance nor prejudice.  If Petitioner is also claiming that his counsel should have discovered the misconduct and made the mistrial motion prior to trial, there is no evidence in the record supporting such a claim.  Accordingly, this claim fails on the merits.

  3.  <u>Claim 2(b) - Conflict of Interest</u>

  When a trial court is made aware of an attorney's actual or potential conflict of interest, the trial court must either appoint new counsel or take adequate steps to determine whether the risk is too remote to warrant appointment of new counsel. *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978).  Even if a petitioner can establish an actual conflict of interest, he cannot obtain relief unless he can show that his attorney's conflict of interest adversely affected his performance.  *Mickens v. Taylor*, 535 U.S. 162 (2002).

Petitioner asserts that counsel had a conflict of interest because two months prior to the second trial, Petitioner filed a civil lawsuit against him.  Petitioner's counsel filed a motion to withdraw from the case, which the trial court denied, on the following findings:

1.      Stephen Hart, Esq., attorney for defendant herein, is a seasoned, experienced counsel, who is not only "reasonably competent," but very competent counsel.

2.      The defendant's claims as noted in his fact to Mr. Hart of September 20, 1999, on file herein, and the defendant's federal civil rights law suit naming Mr. Hart as a defendant, are only "bald assertions," which appear to lack legal basis or substance and be based on fantasy, not fact.

3.      No legal basis exists for the defendant to fire Mr. Hart.

*State's Exhibit A-9*, at p. 1349.  Petitioner has brought forward nothing to show that these findings are unreasonable or erroneous.  *See* § 2254(d)(2) & (e)(1).  Therefore, the findings of fact are presumed correct.  *See* § 2254(e)(1).

In *People v. Hardeman*, 203 Ill.App. 3d 482 (1990), the court confronted the issue of suing one's criminal defense attorney in the midst of a criminal trial.  There, the court reasoned and concluded:

Defendant next contends that this case must be remanded for new post-trial proceedings because the trial court erred in denying defense counsel's post-trial motion to withdraw on the basis of a conflict of interest. We find no merit to this contention.

On the day set for post-trial motions and sentencing, defense counsel told the court that he had been served that morning with a civil lawsuit filed against him by the defendant in the present case. The civil suit alleged that defense counsel in the present case conspired with the court and the prosecution to deny the defendant his constitutional rights, and it charged attorney malpractice. Defense counsel told the court that the allegations and

MEMORANDUM ORDER  20

charges were untrue, libelous and defamatory. However, he moved to withdraw from the present case because of the civil suit, on the basis that a conflict of interest existed. The court denied the motion. In denying the motion the court stated: "I have read this complaint for attorney malpractice. I'm familiar with your (defense counsel) activity in the case. And in my opinion it's a frivolous lawsuit." The court also stated that defense counsel had conducted himself professionally and in a very highly competent manner.

Inherent in a trial judge's authority to conduct and preside over a criminal trial is the discretion to conclude that a defendant's conduct or pursuit of an otherwise legal right is frivolous and merely an attempt to frustrate the administration of justice. If the trial judge did not have such discretion, you would have an intolerable anomaly in that the defendant could whimsically control the progression of the proceedings over which the judge is presiding. The trial judge's discretion in such situations, of course, is subject to review, but the trial judge must be assured that he is not hamstrung and that he may exercise the discretion.

Here, we believe that the trial judge had the discretion to find that for purposes of the present case the civil suit was frivolous and was utilized merely as an attempt to frustrate the administration of justice in his courtroom. The trial judge exercised that discretion in denying the motion to withdraw.

Upon review of the discretion exercised by the trial judge, based on the history of this case and the circumstances that existed at the time the motion to withdraw was presented, and the fact that the record clearly shows that for purposes of this case the trial judge made a reasonable assessment of the allegations in the civil suit, we believe that the trial judge did not abuse his discretion in denying the motion to withdraw. The trial judge acted properly and within his discretion in denying the motion.

*Id*. at 490-91.

Here, as in *Hardeman*, Petitioner filed a lawsuit against his defense counsel that

had no merit.  In addition, Petitioner also alleges that the conflict was made apparent

when, notwithstanding his counsel's statement to him that the bailiff's action "was not

criminal," Administrative Judge Herndon called for appointment of a special prosecutor

MEMORANDUM ORDER  21

to determine whether the bailiff's actions were criminal.  There are no findings in the record that the bailiff's actions were, in fact, criminal.  Petitioner asserts that his counsel was trying to protect the bailiff rather than properly pursue Petitioner's case.  However, there is nothing in the record to show that counsel did not properly pursue Petitioner's defense case.  Rather, counsel's actions in obtaining a new trial and having the murder charges barred on double jeopardy grounds eventually resulted in a better verdict for Petitioner the second time than he had received the first time, because he was then acquitted of the aggravated assault charge regarding the decedent's wife.  Therefore, if such a conflict existed, Petitioner has presented no evidence that it affected Petitioner's counsel's defense of the case.  Accordingly, the state courts' failure to grant relief on this claim was not contrary to *Holloway*, *Mickens*, or *Strickland*.  As a result, relief under § 2254 is not warranted.

   4.   Claim 2(c) - *Brady* issue regarding crime scene notes and video

   The Court of Appeals determined that the state trial court correctly rejected this ineffective assistance of counsel claim because Petitioner had not presented sufficient facts supporting this claim.  "Sheridan's *Brady* claim failed to raise a genuine issue of material fact because he failed to include a factual showing through admissible evidence that the alleged crime scene notes and crime scene videotape, were (1) exculpatory or impeaching, (2) actually suppressed by the state, and (3) caused prejudice."  *State's Exhibit D-4*, at p. 5.

MEMORANDUM ORDER  22

Petitioner seeks to expand the record with the crime scene notes and videotape. Respondent is opposed to the request because the evidence was not presented to the state courts below.  Because Petitioner was not afforded counsel at the initial post-conviction stage and because he was not afforded an evidentiary hearing, the Court will conditionally grant Petitioner's Motion to Expand the Record with these items, if they exist. Respondent shall provide a copy of these items to Petitioner, along with a means to review the videotape, if it exists, and also provide a copy of the items to the Court.[6]  If these items do not exist, Respondent shall provide a notice so stating.

After reviewing these items, Petitioner shall provide briefing specifically stating how the items constitute *Brady* material.  If the items are unavailable, Petitioner should provide evidence showing what the evidence consisted of and showing the source of the information from which he learned that the items once existed.  In addition, Petitioner shall address whether the items should be considered by the Court in light of the failure to present them to the state courts.  The Court will not issue a final decision on the merits of this claim at this time.

E.     **Ineffective Assistance of Counsel – Direct Appeal**

---

[6]In the state criminal case, the prosecution asserted that Officer Thomas' crime scene notes were destroyed when he completed his final report, and that Officer Thomas testified that the content of his notes were accurately reflected in his final report.  The prosecution also asserted that a video tape never existed and that a photograph of the decedent's right hand on his gun did not exist because the decedent's body was not found in such a position.  *See State's Exhibit A-10*, at pp. 1619-20.  *See State's Exhibit A-22* (photographs of decedent and of gun under decedent's vehicle seat).

1.     Standard of Law

The *Strickland* principles also apply to determining ineffective assistance of appellate counsel claims.   To show prejudice on appeal, a petitioner must show that his attorney failed to raise an issue obvious from the trial record that probably would have resulted in reversal.  *See Miller v. Keeney*, 882 F.2d 1428, 1434 n.9 (9th Cir. 1989).  If a petitioner does not show that an attorney's act or omission would have resulted in reversal, then he cannot satisfy either prong of *Strickland*: appellate counsel was not ineffective for failing to raise such an issue, and petitioner suffered no prejudice as a result of it not having been raised.  *See Miller*, 882 F.2d at 1435.

"Effective legal assistance" does not mean that appellate counsel must appeal every question of law or every nonfrivolous issue requested by a criminal defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  "[N]othing in the Constitution" requires "judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable claim' suggested by a client."  *Id*., 463 U.S. at 754.

2.     Claim 3(a) - Double Jeopardy

As explained above, there is no defective performance or prejudice in appellate counsel's failure to raise the issue of double jeopardy because it would not have been successful on appeal.  This claim will be dismissed with prejudice.

3.     Claim 3(b) - Being Held Without Bail Pending Retrial

MEMORANDUM ORDER  24

This claim fails to state a claim upon which federal habeas corpus relief can be granted, because whether bail was allowed or not does not bear upon Petitioner's conviction.  In *Percival v. Marshall*, 1996 WL 107279 (D. Ca. 1996), the court rejected a similar claim, reasoning:

> Petitioner's first claim for ineffective assistance of counsel is based on the fact that counsel did not raise the issue of bail reduction pending trial.  This claim fails to allege any manner of prejudice in the final outcome of the case. Not being free on bail pending trial does not affect final disposition. *People v. Norman,* 252 Cal. App. 2d 381, 394 (1967), *cert. denied,* 391 U.S. 923 (1968), *overruled on other grounds in McDermott v. Superior Court,* 6 Cal. 3d 693, 696-97 (1972). Accordingly, the claim fails.

*Id*. at *2.

To the extent that Petitioner is arguing that he would have been able to better pursue his defense had he not been incarcerated, Petitioner has failed to provide any facts showing how he was particularly prejudiced.  Therefore, such a claim fails.  *See Lenoir v. U.S.*, 2005 WL 2990630, at *4 (D. In. 2005) (Petitioner's mere conclusory allegations that he could locate some favorable unidentified witnesses if he had not been incarcerated is insufficient to satisfy the prejudice prong of *Strickland*).  There is no allegation that Petitioner's pretrial incarceration time was not credited toward his ultimate sentence.

4.     Claim 3(c ) - *Brady* Issue Regarding Crime Scene Notes and Video,

For the reasons set forth above regarding this claim as to trial counsel, the Court will not issue a final decision on the merits of the appellate counsel claim at this time.

5.     Claim 3(d) - Portraying Petitioner as a Persistent Violator with Prior Felonies

MEMORANDUM ORDER  25

The Idaho Court of Appeals determined as follows:

> Sheridan contends that the district court erred in summarily dismissing his claim that appellate counsel was deficient, and he was prejudiced as a result, when counsel mistakenly portrayed him as a repeat offender in the sentencing argument in the opening brief on his appeal from his voluntary manslaughter conviction. The district court dismissed this claim upon finding that the attorney's mischaracterization was corrected in the reply brief filed in the appeal. The court held: "the Idaho Court of Appeals had the relevant information about Sheridan's lack of prior felonies before it when considering the appropriateness of [Sheridan's] sentence. The initial misstatement does not constitute deficient conduct, when [the attorney] ultimately presented the correct information to the Court of Appeals." We agree, and uphold the district court's dismissal of the claim.

*State's Exhibit D-4*, at p. 6.

Petitioner has failed to show that the foregoing decision is an unreasonable application of *Strickland*. A mistake regarding Petitioner's past record is not deficient performance so long as it was corrected in time for the court's consideration of the correct information. Because the Idaho Court of Appeals had notice of the corrected information, no prejudice resulted from the mistake. Accordingly, Petitioner's claim does not warrant federal habeas corpus relief under § 2254(d).

6.    <u>Claim 3(e) - A Mistrial Should Have Been Declared Based on Bailiff Misconduct</u>

Petitioner asserts that his appellate counsel was ineffective for failing to argue on appeal that a mistrial should have been declared based on the bailiff's misconduct. Because the underlying claim has no merit, as discussed above, no ineffective assistance

MEMORANDUM ORDER  26

of appellate counsel claim lies.  This claim is subject to denial and dismissal with

prejudice.

> 7.   <u>Claim 3(f) - Not Raising Issue of Petitioner's Request for Intervention by Administrative Judge James Herndon due to Trial Counsel Stating the Bailiff's Conduct was not Criminal</u>

The Court has addressed this claim as part of Petitioner's trial counsel conflict of

interest claim, above.  Because there was no showing that Petitioner's trial counsel acted

in a manner that adversely affected Petitioner's defense, there was no ineffective

assistance of appellate counsel for failing to raise this issue on appeal.

> 8.   <u>Claim 3(g) - Bad Faith Destruction of Evidence Regarding the Crime Scene Notes and Video</u>

The Idaho Court of Appeals rejected Petitioner's claim that the alleged exculpatory

evidence had been lost or destroyed under *Arizona v. Youngblood*, 488 U.S. 51 (1988).

The Court held that Petitioner had failed to meet the standard, as stated in *Youngblood*,

that  "unless a criminal defendant can show bad faith on the part of police, failure to

preserve potentially useful evidence does not constitute a denial of due process of law."

*State's Exhibit D-4*, at p. 5.

As noted above, because Petitioner did not have the opportunity to have counsel or

an evidentiary hearing at the state post-conviction stage, Petitioner will be given leave to

expand the record to show that the items have been lost or destroyed, and, if so, that the

loss or destruction was due to bad faith.  The Court will not issue a final decision on the merits of this claim at this time.

        9.    <u>Claim 3(h) - Ineffective Assistance of Trial Counsel for Using Misrepresentation to Get Petitioner to Sign the Acknowledgment of Rights</u>

Petitioner asserts that appellate counsel was ineffective for failing to raise on appeal the issue that trial counsel misrepresented the law and facts to convince Petitioner to sign an "Acknowledgment of Rights" form.  *State's Exhibit A-7*, at pp. 1122-24.  Prior to setting aside the conviction of manslaughter from the first trial and proceeding to trial a second time, Petitioner's counsel had him sign a document in which Petitioner acknowledged that he could be retried and convicted on first or second degree murder charges.  Petitioner asserts that this was a misrepresentation, because Double Jeopardy prevented such a circumstance.  However, Petitioner neglects the fact that such a "double jeopardy" bar does not arise automatically.  Rather, Petitioner's counsel had to file a motion to raise the issue, and the court had to grant it.  There certainly was the chance that a judge could have rejected the double jeopardy bar argument (though erroneously) and could have ordered that Petitioner stand trial on the murder charges.  Therefore, at the time Petitioner signed the Acknowledgment of Rights form, it represented the current state of affairs – that no double jeopardy bar had been raised and applied in his case.  That Petitioner's counsel was successfully able to raise the double jeopardy bar was a fact that changed the circumstances in Petitioner's favor *after* the signing of the Acknowledgment of Rights.

In any event, there is no prejudice arising from this claim.  Petitioner does not assert that he would have let the first verdict stand had he known that, eventually, he could have been tried only for manslaughter again.  Further, he obtained the same verdict in the second trial as in the first; in addition, in the first trial, he was convicted of the additional charge of aggravated assault with respect to the decedent's wife; in the second, he was acquitted of that charge.  Because this claim has no merit, it will be dismissed with prejudice.

        10.    <u>Claim 3(I) - Ineffective Assistance of Trial Counsel for Not Advising Petitioner to Plead Former Jeopardy</u>

Petitioner asserts that his trial counsel was ineffective for failing to advise him to plead "former jeopardy."  Former jeopardy does not apply to Petitioner's manslaughter conviction, but applies only to his first and second degree murder acquittals.  *See Green v. U.S.*, 355 U.S. 184 (1957).[7]  Petitioner did not stand trial a second time for first or second

---

[7]In *Green*, the Court explained:

    At common law a convicted person could not obtain a new trial by appeal except in certain narrow instances.  As this harsh rule was discarded courts and legislatures provided that if a defendant obtained the reversal of a conviction by his own appeal he could be tried again for the same offense.  Most courts regarded the new trial as a second jeopardy but justified this on the ground that the appellant had "waived" his plea of former jeopardy by asking that the conviction be set aside.  Other courts viewed the second trial as continuing the same jeopardy which had attached at the first trial by reasoning that jeopardy did not come to an end until the accused was acquitted or his conviction became final.  But whatever the rationalization, this Court has also held that a defendant can be tried a second time for an offense when his prior conviction for that same offense had been set aside on appeal.  *U.S. v. Ball*, 163 U.S. 662 (1896).

355 U.S. at 189.

MEMORANDUM ORDER  29

degree murder, and, therefore there was no claim of former jeopardy to be made.  As a result, Petitioner's counsel did not perform deficiently and there was no prejudice resulting from the failure to assert such a defense or the failure to raise such an argument on appeal.  This claim is subject to denial and dismissal with prejudice.

      11.    <u>Claim 3(j) - Ineffective Assistance of Counsel for Trial Counsel's Failure to Obtain a Mistrial Based upon Juror Misconduct in the Second Trial</u>

The Court finds that its decision on this claim would be aided by additional briefing from the parties that specifically addresses whether the trial court's decision to deny the motion for a mistrial was contrary to United States Supreme Court precedent or whether there was something more trial counsel could have done that would have made the motion succeed.  The Court will not issue a final decision on the merits of this claim at this time, but will address it after further briefing.

## OTHER PENDING MOTIONS

Petitioner has filed a Motion for Discovery (Docket No. 7).  Petitioner first seeks a copy of the Presentence Investigation Report (PSI) because he alleges that the State represented that he has prior felonies, and he does not.  This claim seems related to Claim 3(d), which the Court rejected on the merits, above.  If this information relates to any remaining claims, Petitioner need only argue the point in his briefing, and the Court will review the PSI (State's Exhibit A-23) itself.  The Court sees no need to provide it to Petitioner at this time.

MEMORANDUM ORDER  30

As previously discussed, Petitioner also requests the crime scene notes, videotape, and photographs that he alleges the State concealed for the purpose of bolstering his claims.  Petitioner sought but was not afforded an evidentiary hearing on his claims in state court.  The Court will require the State to provide Petitioner and the Court with these items, and then will allow Petitioner to show why the record should be augmented with the items after he has had an opportunity to review them.  28 U.S.C. §2254(e)(2) bars the introduction of new evidence in federal habeas proceedings unless the petitioner (1) exercised diligence in his efforts to develop the factual basis of his claims in state court, *and* (2) shows that his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence.  "Diligence for purposes of the opening clause [of § 2254(e)(2)] depends upon whether [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]"  *Williams v. Taylor*, 529 U.S. 420, 435 (2000).

Petitioner has requested leave to submit Requests for Admissions to Respondent (Docket No. 8).  Petitioner is requesting that Respondent admit to legal conclusions about the facts of this case but not in the context of the correct legal standard for a federal habeas corpus action.  The Court does not believe that Petitioner's Requests for Admissions will be helpful to the Court in determining the issue.  Therefore, this request is denied.

Petitioner's Motion for Leave to File Affidavit (Docket No. 9) requests that he be permitted to file his own Affidavit with exhibits.  The Court will consider Petitioner's Affidavit as supplemental argument supporting his opposition to Respondent's Motion for Partial Summary Dismissal.  Petitioner has also filed a Motion for Leave to File Supplemental Briefing (Docket No. 20).  That Motion shall be granted.  Petitioner wishes to add supplemental argument showing that his claims have been exhausted by bringing them before the Idaho Supreme Court in a Petition for Writ of Habeas Corpus.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.      Petitioner's Motion for Discovery (Docket No. 7) is conditionally GRANTED in part and DENIED in part as set forth above.

B.      Petitioner's Request for Admissions (Docket No. 8) is DENIED.

C.      Petitioner's Motion for Leave to File Affidavit (Docket No. 9) is GRANTED.

D.      Respondent's Motion for Partial Summary Dismissal (Docket No. 13) is GRANTED as to Claims 3(b) and 3(h), and DENIED as to Claims 3(f) and 3(j).

E.      Petitioner's Motion for Summary Judgment (Docket No. 19) is DENIED as to the following claims, which are each denied on the merits and dismissed

MEMORANDUM ORDER  32

with prejudice: Claims 1, 2(a), 2(b), 3(a), 3(b), 3(d), 3(e), 3(f), 3(h), and

3(I).  Petitioner's Motion is conditionally DENIED as to Claims 2(c), 3(c),

3(g), and 3(j).  The Court will issue a final decision on these remaining

claims after Respondent files a motion for summary judgment, Petitioner

files a response, and Respondent files a reply.

F.    Petitioner's Motion for Leave to File Supplemental Briefing (Docket No.

20) is GRANTED.

G.    Respondent's summary judgment motion on the remaining claims is due no

later than **August 31, 2006.**  Petitioner's responsive brief shall be filed 30

days thereafter, with Respondent's reply, if any, filed 14 days after receipt

MEMORANDUM ORDER  33

of the response.



DATED:  **May 17, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court