IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL SHERIDAN, | ) | |
| | ) | Case No. CV-05-412-S-BLW |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFF CONWAY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are the following motions: Petitioner's Motion for Evidentiary Hearing (Docket No. 25), Petitioner's Request for Evidentiary Hearing (Docket No. 47), Petitioner's Notice of Appeal (Docket No. 27), Petitioner's Motion for Certificate of Appealability (Docket No. 28), Petitioner's Motion for Leave to File Affidavit (Docket No. 30), Petitioner's second Motion for Leave to File Affidavit (Docket No. 33), and Petitioner's third Motion for Leave to File Affidavit (Docket No. 48).

### PETITIONER'S MOTIONS

**A.   Motions for Evidentiary Hearing (Docket No. 25 & 47)**

Petitioner requests an evidentiary hearing on his claims that (1) the state district court denied his motion for a mistrial without hearing, and (2) his double jeopardy rights were violated. Respondent contends that because this Court

ORDER  1

previously dismissed Claims 1, 2(a) & (b), and 3(a), (b), (d) through (f), (h)[1] and (i) (See Docket No. 24), the motion is now moot. The Court agrees.

Petitioner also requests an evidentiary hearing on the issues set forth in Respondent's recent Motion for Summary Judgment. When the Motion for Summary Judgment is fully briefed, the Court will determine whether an evidentiary hearing on the remaining issues is necessary. The second request for an evidentiary hearing shall be denied without prejudice at this time.

## B.   Petitioner's Notice of Appeal and Motion for Certificate of Appealability (Docket Nos. 27 & 28)

Petitioner requests that the Court grant a certificate of appealability regarding the claims that were dismissed as a result of Respondent's Motion for Partial Summary Dismissal. Petitioner's request is premature. A certificate of appealability can be issued only after a final order in a habeas corpus case is entered. *See* 28 U.S.C. § 2253(c)(1)(A). That has not been done in this case.

In addition, the facts and circumstances of this case do not warrant an interlocutory appeal. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949); *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (To qualify

---

[1] The Court clarifies its Order issued on May 17, 2006. The body of the Order states that Claim 3(h) is dismissed with prejudice on the merits, and the final portion of the Order mistakenly states that Claim 3(g) is dismissed with prejudice, rather than Claim 3(h). Claim 3(g) was only conditionally denied and is still under consideration. Claim 3(h) was dismissed with prejudice.

ORDER  2

as a collateral order appealable under *Cohen*, a decision must: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment."); *see also* 28 U.S.C. § 1292(b) (an order must "involve a controlling question of law as to which there is substantial ground for difference of opinion" and be of a nature such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation," to qualify for a statutorily-authorized interlocutory appeal).  There are no cases supporting the position that interlocutory appeals can be filed in noncapital habeas cases where some claims have been dismissed on procedural grounds; rather, the certificate of appealability process is strictly followed, which requires entry of an order or judgment finally dismissing or denying *all* claims.

Based on the foregoing, the Court denies Petitioner's Motion for a Certificate of Appealability and Notice of Appeal, construed as a request to file an interlocutory appeal.

**C.     Petitioner's Motions for Leave to File Affidavits (Docket Nos. 30, 33, & 48)**

ORDER  3

Most of the statements in Petitioner's Affidavits are argument in support of his motions and claims, rather than factual statements. Because Petitioner is pro se, the Court will grant the Motions, but will construe the Affidavits as argument.

## II.  ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Petitioner's Motion for Evidentiary Hearing on dismissed claims (Docket No. 25) is DENIED.

B. Petitioner's Request for Evidentiary Hearing on remaining claims (Docket No. 47) is DENIED without prejudice.

C. Petitioner's Notice of Appeal, construed as a request to file an interlocutory appeal (Docket No. 27) is DENIED.

D. Petitioner's Motion for Certificate of Appealability (Docket No. 28) is DENIED.

E. Petitioner's Motions for Leave to File Affidavits (Docket Nos. 30, 33 & 48) are GRANTED, to the extent set forth above.

DATED:  **November 13, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge